UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-55-MW-GRJ

RODNEY THOMPSON,

    Plaintiff,

v.

**JURY TRIAL DEMANDED**

CENTRAL FLORIDA CONTRACTORS SERVICES, INC.,
a Florida for-profit corporation; PATTI JOHNS, an
individual, and BOBBY JOE POWELL, JR.,
an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, RODNEY THOMPSON, ("THOMPSON"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants CENTRAL FLORIDA CONTRACTORS SERVICES, INC., a Florida for-profit corporation, (hereinafter "CFCS"), PATTI JOHNS ("JOHNS"), and BOBBY JOE POWELL, JR., an individual, (hereinafter, "POWELL") and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*, (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367.

3. At all times pertinent to this Complaint, CFCS, was an enterprise engaged in interstate commerce.



FILED USDC FLND GV
MAR 5 '20 AM10:50

4. At all times pertinent to this Complaint, the Defendants, CFCS operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. During the time period described in this Complaint, CFCS operated a concrete pumping business.

6. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

7. Specifically, as part of Plaintiff's job duties, the Plaintiff handled tools, concrete pumps, concrete, and other construction-related materials that were manufactured outside the State of Florida.

8. During the statute of limitations period for which the Plaintiff seeks overtime wages herein, Defendants employed five or more persons who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). Those other employees also handled tools, concrete pumps, concrete, and other construction-related materials that were manufactured outside the State of Florida.

9. During the statute of limitations period for which the Plaintiff seeks overtime wages herein, CFCS had an annual gross volume of sales made or business done of not less than $500,000.00.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern District of Florida.

## VENUE

12. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida; and,

   b. Defendants are and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

13. During the applicable statute of limitations period, Plaintiff, THOMPSON, was and continues to be a resident of Alachua County, Florida, and was an "employee" of CFCS within the meaning of the FLSA.

14. During the applicable statute of limitations period, CFCS was conducting business in Alachua County, Florida—the location where Plaintiff performed services for the Defendants.

15. Upon information and belief, Defendants POWELL and JOHNS were residents of Alachua County, Florida.

16. During the applicable statute of limitations period, Plaintiff, THOMPSON, was an "employee" of the CFCS within the meaning of the FLSA.

17. During the applicable statute of limitations period, CFCS was an employer of Plaintiff.

## STATMENT OF FACTS

18. From about 2002 to about February 18, 2020, Plaintiff, THOMPSON was employed as a pump truck operator for CFCS.

19. During the applicable statute of limitations period, THOMPSON was paid an hourly wage of $24.00 per hour.

20. During the applicable statute of limitations period, Defendant, PATTI JOHNS was the office manager for CFCS.

21. During the applicable statute of limitations period, PATTI JOHNS handled the payroll for CFCS.

22. During the applicable statute of limitations period, PATTI JOHNS supervised the work of the Plaintiff.

23. During the applicable statute of limitations period, PATTI JOHNS supervised the work schedule of the Plaintiff.

24. During the applicable statute of limitations period, PATTI JOHNS would tell the Plaintiff and other pump truck operators which concrete pumping jobs to go on.

25. During the applicable statute of limitations period, POWELL was the highest ranking official at CFCS overseeing the work done by CFCS's pump truck operators.

26. During the applicable statute of limitations period, POWELL would communicate with CFCS' pump truck operators through CFCS' managers.

27. During the applicable statute of limitations period, JOHNS was the second-highest ranking official at CFCS, and oversaw the work done by CFCS's pump truck operators.

28. During the applicable statute of limitations period, POWELL oversaw and supervised the work done by PATTI JOHNS.

29. During the applicable statute of limitations period, POWELL oversaw the payroll administered by PATTI JOHNS.

30. During the applicable statute of limitations period, PATTI JOHNS was involved in reviewing Plaintiff's time sheets which showed the work Plaintiff performed on his work shifts.

31. CFCS and POWELL created a policy for CFCS' pump truck operators whereby for work shifts greater than eight hours, CFCS would deduct 30 minutes for meal breaks.

32. During the applicable statute of limitations period, CFCS would make deductions in 30-minute increments from the total time worked by Plaintiff on shifts greater than 8 hours.

33. During the applicable statute of limitations period, CFCS would make deductions in 30-minute increments from the total time worked by Plaintiff on each shift, for meal breaks that Plaintiff had not necessarily taken.

34. During the applicable statute of limitations period, in certain workweeks, regardless of whether or not a pump operator (including Plaintiff) took a meal break on a shift in excess of 8 hours, CFCS still would deduct for a 30-minute meal break.

35. During the applicable statute of limitations period, when doing the payroll for CFCS, PATTI JOHNS caused the Plaintiff to be paid less hours than he actually worked in certain workweeks.

36. During the applicable statute of limitations period, the Defendants were aware that in certain workweeks, it was rare for its pump truck operator, including Plaintiff, s to indicate on their time sheets that they had, in fact, taken 30-minute meal breaks on shifts in excess of 8 hours.

37. During the applicable statute of limitations period, POWELL was aware that some pump truck operators were being paid for less overtime hours than they actually worked in certain workweeks.

38. During the applicable statute of limitations period, POWELL was aware that Plaintiff was being paid for less overtime hours than he actually worked in certain workweeks.

39. During the applicable statute of limitations period, CFCS was aware that Plaintiff was paid less overtime hours than he actually worked in certain workweeks.

40. During the applicable statute of limitations period, in certain workweeks, regardless of whether or not a pump operator (including Plaintiff) took a meal break on a shift in excess of 8 hours, PATTI JOHNS would subtract a 30-minute meal break from total time worked on work shifts.

41. During the applicable statute of limitations period, in certain workweeks, regardless of whether or not a pump operator (including Plaintiff) took a meal break on a shift in excess of 8 hours, POWELL would permit CFCS and JOHNS to deduct for a 30-minute meal break.

42. The respective Defendants did not verify that the Plaintiff had taken meal breaks on each and every shift in excess of 8 hours per shift, prior to making each 30-minute deduction.

43. During the applicable statute of limitations period, in certain workweeks, Plaintiff did not indicate on his time sheets that he took a meal break.

44. During numerous shifts in numerous workweeks of Plaintiff's employment, Plaintiff did not take 30-minute uninterrupted meal breaks.

45. During the applicable statute of limitations period, CFCS was an "employer" within the meaning of the FLSA.

46. During the applicable statute of limitations period, due to the duties performed by JOHNS, JOHNS was an "employer" within the meaning of the FLSA.

47. During the applicable statute of limitations period, due to the duties performed by POWELL, POWELL was an "employer" within the meaning of the FLSA.

48. During the employment of Plaintiff, CFCS would permit alterations to the time sheets submitted by Plaintiff to reflect less than the total hours actually worked on a shift.

49. During the employment of Plaintiff, JOHNS would make notations and/or alterations to the time sheets submitted by Plaintiff to reflect less than the total hours actually worked on a shift.

50. During the employment of Plaintiff, POWELL would permit changes to the time sheets submitted by Plaintiff to reflect less than the total hours actually worked on a shift.

51. As a result of the deductions made for meal breaks, the Plaintiff was not paid for all overtime hours and minutes worked during his employment.

52. During period of Plaintiff's employment with CFCS, Plaintiff complained to CFCS through its management, about CFCS' policy of automatically deducting for meal breaks on shifts over 8 hours.

53. At all times material hereto, CFCS willfully failed to pay Plaintiff, THOMPSON his lawfully earned wages in conformance with the FLSA.

54. At all times material hereto, POWELL willfully failed to pay Plaintiff, THOMPSON his lawfully earned wages in conformance with the FLSA.

55. At all times material hereto, JOHNS willfully failed to pay Plaintiff, THOMPSON his lawfully earned wages in conformance with the FLSA.

56. At all times within the applicable statute of limitations period, CFCS was an "enterprise engaged in commerce" within the meaning of the FLSA.

57. At all times within the applicable statute of limitations period, CFCS had annual gross receipts in excess of $500,000.

58. At all times material hereto, the work performed by Plaintiff, THOMPSON was directly essential to the business performed by the Defendants.

59. Plaintiff, THOMPSON has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

60. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### AGAINST CENTRAL FLORIDA CONTRACTORS SERVICES, INC.
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

61. Plaintiff realleges Paragraphs 1 through 60 as if fully stated herein.

62. During Plaintiff's employment with CFCS, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

63. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

64. CFCS failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

65. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of CFCS. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due his.

66. CFCS knew of and/or showed a disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

67. CFCS failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

68. As a direct and proximate result of CFCS' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

69. Due to the intentional and unlawful acts of CFCS, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

70. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against CFCS:

a. Declaring that CFCS violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## AGAINST PATTI JOHNS
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

71. Plaintiff realleges Paragraphs 1 through 61 as if fully stated herein.

72. During Plaintiff's employment with JOHNS, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

73. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

74. JOHNS failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

75. JOHNS knew of and/or showed a disregard for the provisions of the FLSA as evidenced by her failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when she knew or should have known such was due.

76. JOHNS failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

77. As a direct and proximate result of JOHNS' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

78. Due to the intentional and unlawful acts of JOHNS, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

79. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against CFCS:

    a.    Declaring that JOHNS violated the maximum hour provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    g.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT III

### AGAINST BOBBY JOE POWELL, JR.
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

80. Plaintiff realleges Paragraphs 1 through 60 as if fully stated herein.

81. During Plaintiff's employment with POWELL, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

82. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

83. POWELL failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

84. POWELL knew of and/or showed a disregard for the provisions of the FLSA as evidenced by his failure to compensate Plaintiff at the statutory rate of time and one-half for the

hours worked in excess of forty (40) hours per week when he knew or should have known such was due.

85. POWELL failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

86. As a direct and proximate result of POWELL's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

87. Due to the intentional and unlawful acts of POWELL, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

88. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against CFCS:

    a.    Declaring that POWELL violated the maximum hour provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    h.    Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 3, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, Florida 33312
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter Bober
    PETER J. BOBER
    FBN: 0122955
    SAMARA ROBBINS BOBER
    FBN: 0156248